UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11cv24-RJC

| ROBERT ALLEN SARTORI, | ) |
|---|---|
| Petitioner, | ) |
| v. | ) **O R D E R** |
| NC ATTORNEY GENERAL, | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on initial review of a Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus. (Doc. No. 1).

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

On June 9, 2010, Petitioner was convicted of a C-9 disciplinary infraction (inmate bartering and trading) at the Marion Correctional Institution. (Doc. No. 1 at 1: Petition). On that occasion, the Disciplinary Hearing Officer imposed a sentence that included Petitioner's loss of 12 days of good time credits. (Id.). Petitioner appealed his conviction and punishment through his Prison's inmate disciplinary procedures but he did not seek any judicial review of his case in the North Carolina court system. (Id. at 2). Rather, on February 3, 2011,[1] Petitioner filed the instant 2254 Petition in which he 1) challenges the reliability of the informant who implicated him in the violation; 2) argues that his due process rights were violated by the Prison's failure to

---

[1] The Petition contains Sartori's certification that he placed this pleading in his Prison's mailing system on October 12, 2010. (Doc. 1 at 14). However, the envelope in which the Petition was mailed was postmarked with a date of February 3, 2011 (Doc. No. 1-4 at 1); and the Court's financial clerk has confirmed that the money order accompanying such Petition was dated February 3, 2011. Further, the Petition was received at the Court and filed by the Clerk on February 7, 2011. (Doc. No. 1 at 1). Based upon this information, it appears that Petitioner's Petition was not actually placed in his Prison's mailing system before February 3, 2011; thus, pursuant to the "mail box rule" articulated in Houston v. Lack, 487 U.S. 266 (1988), the Court will treat the Petition as having been filed on February 3, 2011.

give him accurate and specific information concerning the informant or the charge; and 3) challenges the participation of an employee from Marion at his disciplinary hearing, which Petitioner contends subjected him to that employee's bias against him. (Id. at 5-8). As relief, Petitioner asks the Court to, *inter alia*, restore the 12 days of good-time credit that was taken from him and to essentially expunge the offense from his record.

## II. STANDARD OF REVIEW

Habeas courts must promptly examine habeas petitions. Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Id. Following this directive, the Court has reviewed the instant Petition and determined that its claims are unexhausted; therefore, the Petition must be dismissed, without prejudice.

## III. DISCUSSION

As noted above, Petitioner did not seek any judicial review of his case in the North Carolina court system. Section 2254 provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –

> (A) the applicant has exhausted the remedies available in the Courts of the State; or
>
> (B)(I) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1)(A) and (B). Likewise, in Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983), the Court stated that when a state prisoner challenges the length and duration of his confinement by virtue of an allegation that certain good-conduct credits were cancelled pursuant

2

to an unconstitutional process, and seeks the restoration of such cancelled credits so that he can secure his release once he satisfies his sentence, he must exhaust his state remedies. Id. at 72-73 (citing Preiser v. Rodriguez, 411 U.S. 475, 489 (1973) and Wolff v. McDonnell, 418 U.S. 539, 553 (1974)). This exhaustion requirement reflects "an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Picard v. Connor, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted). In order "[t]o provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (internal quotation marks and citation omitted). In light of this requirement, a federal court may consider only those issues which were fairly presented to the state court. See Picard, 404 U.S. at 275-76. In this case, the record is clear that Petitioner's claims were never presented to the State court; therefore, they are unexhausted.

Furthermore, Petitioner can return to the State court to exhaust these claims. Indeed, "North Carolina permits a state prisoner to challenge the calculation of credits against a prison sentence by filing a Motion for Appropriate Relief [] in the superior court where the conviction arose and by appealing any adverse ruling thereon in the state appellate courts." Hatcher v. Keller, 2010 WL 1568458, at * 2 (M.D. N.C. April 16, 2010) (unpublished) (citing North Carolina v. Bowden, 193 N.C. App. 597, 597-99 (2008) (reversing and remanding trial court's denial of prisoner's motion for appropriate relief where the prisoner challenged his custodian's refusal to apply his good behavior credits to the calculation of his parole eligibility); see N.C. Gen. Stat. 15A-1415(b)(3) (providing that a motion for appropriate relief alleging that a

conviction was obtained in violation of the United States Constitution may be filed at any time after entry of the judgment of conviction). In Jones v. Keller, 364 N.C. 249 (2010), the Supreme Court of North Carolina issued a writ of certiorari to review a trial court's award of habeas corpus relief for an inmate who challenged the denial of his sentence-reduction credits. The Court stated that although North Carolina courts generally "will not review the DOC's grant, forfeiture, or application of credits against a prisoner's sentence[,] . . . when a government action is challenged as unconstitutional, the courts have a duty to determine whether that action exceeds constitutional limits."). Id. at 252-53 (internal quotation marks and citations omitted).

In addition, North Carolina allows prisoners to bring civil suits in equity in State court to challenge the denial of their good-time credits. See Smith v. Beck, 176 N.C. App. 757 (2006); Teasley v. Beck, 155 N.C. App. 282 (2002). Regardless, when a petitioner fails to pursue his state remedies before filing a federal action challenging the denial of prison credits, the court must dismiss that action without prejudice. Moore v. Department of Corrections, 2009 WL 1917084, * 2 (W.D. Va. June 30, 2009).

Petitioner concedes that he did not seek any judicial review for his claims but offers no excuse for this failure. Furthermore, based upon the foregoing, the Court cannot conclude that there is no State corrective process available to Petitioner, or that there are any circumstances which make that process ineffective to protect his rights. 28 U.S.C. § 2254(b)(1)(B). Ultimately, Petitioner's non-exhaustion cannot be excused, and his Petition must be dismissed. Alexander v. Johnson, 742 F.2d 117, 126 (4th Cir. 1984) (sustaining dismissal of case on the additional, independent ground that the portion of the inmate's case raising habeas corpus challenge to the requirements for obtaining parole was subject to dismissal without prejudice due to the inmate's failure to present her claim to any court in North Carolina).

## IV. CONCLUSION

Petitioner has failed to exhaust his State judicial remedies for his claims, and the Court has found no basis for excusing his non-exhaustion. Therefore, the instant Petition must be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED that:**

1. Petitioner's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (Doc. No 1) is **DISMISSED**, without prejudice, as unexhausted; and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-85 (2000) (in order to satisfy § 2253(c) when court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

**SO ORDERED**.

Signed: April 22, 2011

Robert J. Conrad, Jr.
Chief United States District Judge